Imelda SOELIMTO, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–71905.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 3, 2009.

Gihan L. Thomas, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Imelda Soelimto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The BIA denied Soelimto's asylum application as time barred. Soelimto does not challenge this finding.

Substantial evidence supports the BIA's finding that Soelimto's cumulative experiences do not rise to the level of past persecution. *See id.* at 1016–18. In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Soelimto failed to establish that it was more likely than

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not that she will be persecuted if she returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003).

Substantial evidence also supports the BIA's determination that Soelimto is not entitled to CAT relief because she failed to establish that it is more likely than not that she will be tortured if she returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**